UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO: 8:17-cr-32-MSS-CPT-1

TRAVIS MARCEL HICKMAN
_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Travis Marcel Hickman's Motion to Amend Judgment, (Dkt. 93), which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Government's response in opposition, (Dkt. 96), and Defendant's Supplement to the Motion. (Dkt. 101) On February 8, 2018, Hickman pled guilty to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. 59) Defendant was sentenced to a term of incarceration of one hundred and eighty (180) months and one (1) day followed by a sixty- (60-) month term of supervised release. (Id.) Defendant is 39 years old and is incarcerated at F.C.I. Hazelton. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed September 16, 2024). He has served approximately 79 months of his custodial sentence and is projected to be released May 31, 2030. Id. (Dkt. 59)

Defendant has filed three previous motions for compassionate release, citing his medical conditions and the COVID-19 pandemic. (Dkts. 82, 84, and 86) Defendant's first motion for compassionate release and request for the appointment of counsel alleged his medical conditions placed him at high risk for death or terminal illness if he contracted COVID-19. (Dkt. 82) Defendant's second motion for compassionate release alleged that his confinement at U.S.P. Terre Haute, where 600 cases of COVID-19 were allegedly reported, qualified as an extraordinary and compelling circumstance. (Dkt. 84) These motions were denied without prejudice because Defendant failed to provide evidence or otherwise establish that he had exhausted administrative remedies. (Dkt. 85) Additionally, the Court found Defendant's motions failed to offer factual details as to the severity of his medical conditions and how they constituted extraordinary and compelling circumstances warranting compassionate release. (Id.) Defendant's third motion for compassionate release alleged that his medical conditions constituted an extraordinary and compelling circumstance. (Dkt. 86) In the third motion, Defendant showed he had exhausted administrative remedies and submitted evidence of his medical conditions. (Dkt. 90) Still, the Court denied this motion because Defendant did not sufficiently allege how his medical conditions constituted extraordinary and compelling circumstances warranting compassionate release. (Id.)

In the instant Motion, Defendant requests the Court grant him compassionate release because he alleges his medical conditions cause him to be at high risk for death or terminal illness caused by COVID-19. (Dkt. 93) Defendant also requests the Court

2

appoint him counsel. (Id.) In the Supplement to the Motion, Defendant argues that the factual circumstances of his state-court drug convictions do not support his conviction under 18 U.S.C. § 924(e). (Dkt. 101) The Court construes Defendant's supplemental argument to be one that he is eligible for compassionate release because his sentence is unusually long as compared to current sentences due to intervening changes in the law.

A district court may reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. at § 3582(c)(1)(A). Although Defendant attaches no evidence of exhaustion to the Motion, the Government advises that he has indeed exhausted administrative remedies. (Dkt. 96 at 6) See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021) (citing Fort Bend Cnty. v. Davis, 587 U.S. 541, 548–50 (2019)) (finding that the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule, rather than a jurisdictional requirement, and that any objection to the exhaustion requirement of § 3582(c)(1)(A) may be forfeited if the party asserting the rule, *i.e.*, the United States, fails to argue that defendant failed to exhaust). Accordingly, the Court reviews Defendant's Motion and the Supplement on their merits.

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and

compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. The Sentencing Commission's existing policy statement on compassionate release is U.S.S.G. § 1B1.13. The policy statement defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) and it is binding on this Court. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). Under § 1B1.13, circumstances identified in the following categories may render a defendant eligible for a sentence reduction: (1) serious medical circumstances of the defendant; (2) advanced age, resulting in a serious deterioration in physical or mental health, where the defendant has served the lesser of at least 10 years or 75 percent of the term of imprisonment; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member or similar individual; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in (1) through (4), are similar in gravity to those described in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years' imprisonment and a change in the law would produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)–(6).

  Even when an extraordinary and compelling reason exists, however, a court

should only grant a motion for release if it determines that the defendant is not a danger to the public. U.S.S.G. § 1B1.13(a)(2). Additionally, the court must consider, in general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. In seeking compassionate release, the defendant "bears the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013)). Even if a defendant meets that burden, "the district court still retains the discretion to determine whether a sentence reduction is warranted." Hamilton, 715 F.3d at 341.

Defendant contends he is eligible for compassionate release because he suffers from serious medical conditions which cause him to be more vulnerable to illness caused by COVID-19. (Dkt. 93) Medical circumstances that may qualify as extraordinary under U.S.S.G. § 1B1.13(b)(1) include, in relevant part: (1) a terminal illness; (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover;" or (3) a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1).

Defendant alleges the following conditions or injuries prevent him from performing day-to-day activities: lumbar radiculopathy/degenerative disc disease,

5

hyperlipidemia (high cholesterol), hypertension (high blood pressure), anxiety disorder, and depression disorder. (Dkt. 93 at 3–4) He contends his degenerative disc disease renders him susceptible to the contraction of COVID-19. (Id. at 4) Defendant also maintains that his medical conditions are not likely to improve. (Id. at 5) In support, Defendant attaches to the Motion medical records related to a surgical operation he underwent to address his spinal condition in April 2022. (Dkt. 93-1) These records support Defendant's allegations of back pain. Nonetheless, Defendant does not sufficiently allege that any of his medical conditions are terminal. He does not demonstrate that his conditions substantially diminish his ability to provide self-care within prison. Defendant provides no evidence that he is not expected to recover from any of his medical conditions. Defendant does not allege his conditions require specialized or long-term care that is not being provided. Finally, the Court notes that Defendant refused vaccination against COVID-19. (Dkt. 96-4) This fact belies Defendant's alleged concern about the threat COVID-19 poses to his health. Moreover, the threat COVID-19 poses generally has diminished. The Court finds Defendant has not established that his medical conditions combined with the presence of COVID-19 constitute extraordinary and compelling reasons for compassionate release.

Next, in the Supplement to the Motion, Defendant challenges his conviction under 18 U.S.C. § 924(e) (the "firearm offense") and seems to seek relief under § 1B1.13(b)(6). Defendant's challenge is based on the contention that, at the time he was convicted of the firearm offense, the state drug offenses no longer qualified as "serious

drug offenses." (Dkt. 101 at 3) Hence, Defendant suggests he is currently incarcerated under a sentence that is unusually long as compared to the sentence he would face today. Even if true, which the court need not decide at this point, relief under § 1B1.13(b)(6) is only available to defendants who have served at least 10 years' imprisonment. Defendant has served roughly six-and-a-half years' imprisonment. Defendant is, therefore, ineligible for compassionate release under § 1B1.13(b)(6).

Notwithstanding Defendant's failure to allege an extraordinary and compelling circumstance, the § 3553(a) factors do not favor compassionate release, as Defendant continues to pose a danger to the public. Defendant provides no information from which the Court could determine the sentence originally imposed is no longer necessary to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, or provide Defendant with education or vocational training, among other considerations. In its response, the Government advises that Defendant has been disciplined repeatedly while serving his sentence, including being sanctioned for possessing a dangerous weapon on two occasions and for fighting with other inmates on two occasions. (Dkt. 96-2) Consequently, the Court finds that Defendant's sentence reflects the seriousness of the offense conduct, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the Defendant. See 18 U.S.C. § 3553(a)(2). The Court finds that a reduction of Defendant's sentence would undermine the statutory purposes of sentencing as previously determined by the Court and would endanger the public. As such, Defendant's request for compassionate release pursuant

to § 3582(c) is **DENIED**.

Finally, the Court denies Defendant's request that the Court appoint him counsel. There is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing, and the decision to appoint counsel is left to the discretion of the district court. See United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009). Having considered Defendant's *pro se* request on the merits, the Court finds that appointment of counsel is not warranted.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Amend Judgment, (Dkt. 93), is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, this 4th day of November 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:**  Counsel of Record
U.S. Marshal Service
U.S. Probation Office
U.S. Pretrial